IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SYLVESTER NICHOLS | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv109 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Sylvester Nichols, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for aggravated assault.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner asserted four different ways in which his attorney provided ineffective assistance of counsel. The Magistrate Judge concluded that petitioner's third and fourth grounds for review relating to ineffective assistance of counsel were procedurally barred. Petitioner makes no objection to this conclusion.

In his first and second grounds for review relating to ineffective assistance of counsel, petitioner complains counsel failed to completely admonish him regarding the laws and facts of his case and incorrectly told him that the prosecution had offered a 10 year sentence and participation in a drug and alcohol treatment program if he entered a plea of guilty. The court agrees with the Magistrate Judge's conclusion that these ground for review are without merit. Similarly, the court

agrees petitioner's contentions that there was insufficient evidence to support his conviction and that his indictment was invalid and void were waived by his knowing and voluntary plea of guilty and do not provide him with a basis for relief.

Petitioner also asserts his plea of guilty is void because paragraph 5 of the Written Plea Admonishments-Waivers-Stipulation he signed provided that he was pleading guilty to a lesser-included offense rather than the offense of aggravated assault. However, a review of the document reveals this contention is without merit.

Paragraph 1 of the Written Plea Admonishments-Waivers-Stipulations provided that petitioner had been charged with the offense of aggravated assault and that the prosecution had not made any motions to reduce the charge. Paragraph 5 provided as follows:

> **GUILTY PLEA:** Understanding and agreeing to all of the above, I freely and voluntarily plead GUILTY and confess my GUILT to having committed each and every element of the offense alleged in the indictment or information by which I have been charged in this cause. Where the State is proceeding on a lesser included offense arising out of said indictment or information, I plead GUILTY and confess my GUILT to having committed each and every element of the lesser included offense only. I plead guilty to the enhancements pled in this cause not abandoned by the State.

Considering the document as a whole, it is clear that petitioner was pleading guilty to the offense of the aggravated assault and that the operative sentence of paragraph 5 was the first sentence, rather than the second sentence. There is no indication in the record that petitioner was pleading guilty to a lesser-included offense.

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000);

*Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 13th day of September, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE